UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CR-00402-RLW-1 |
| | ) | |
| WILLIE COBBS, | ) | |
| | ) | |
| Defendant. | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

## 1. PARTIES:

The parties are the defendant Willie COBBS, represented by defense counsel Phil Eisenhauer, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.  This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to nor bound by this agreement.

## 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts One and Two of the Superseding Indictment, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's distribution of and possession with intent to distribute controlled substances, and

Page **1** of **16**

unlawful possession of firearms, as reflected in both the Superseding Indictment and this Agreement of which the Government is currently aware.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by this joint recommendation or the Guidelines recommendations agreed to in this document.

The defendant also agrees, pursuant to the guilty plea to Counts One and Two, to forfeit to the United States all property subject to forfeiture under the applicable statute(s).

## 3. ELEMENTS:

As to Count One, the defendant admits to knowingly violating Title 21, United States Code, Sections 841(a)(1) and 846 and admits there is a factual basis for the plea, and further, fully understands that the elements of the crime are as follows:

Beginning on an unknown date and continuing for a period of time, including May 2022, with the exact dates unknown, within the Eastern District of Missouri, and elsewhere,

  (i)     two or more persons reached an agreement or came to an understanding to distribute and possess with the intent to distribute controlled substances, including fentanyl, a Schedule II controlled substance;

Page 2 of 16

**(ii)**     the Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

**(iii)**     at the time the Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

As to Count Two, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

On or about July 7, 2022, in the Eastern District of Missouri,

**(i)**     The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

**(ii)**     The Defendant, thereafter, knowingly possessed a firearm;

**(iii)**     At the time the defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

**(iv)**     The firearm was transported across a state line at some point during or before the Defendant's possession of it.

## 4.  FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In approximately April-May 2022, investigators with the St. Louis County Police Department, as well as the Drug Enforcement Administration, initiated an investigation into drug trafficking activity taking place in the St. Louis Metropolitan Area. They obtained information from a confidential informant ("CI") with respect to this operation, and identified individuals believed to be involved in this drug distribution.

Multiple controlled purchases of fentanyl were conducted throughout May 2022. These purchases were coordinated by both CIs and undercover investigators contacting members of the conspiracy, including Defendant Willie Cobbs, over the telephone in order to arranged purchases. These control purchases, along with other aspects of the investigation, lead investigators to obtaining three federal premises search warrants for various addresses utilized in furtherance of this drug trafficking operation. These addresses included 7453 Calvin Avenue, 5900 Northpointe Boulevard, and 5818 Era.  On July 7, 2022, investigators executed these search warrants.

Defendant Cobbs was taken into custody at 5900 Northpointe Blvd.  This address was utilized in furtherance of the drug trafficking conspiracy, as individuals would return to this address after conducting transactions with confidential informants and undercover investigators. In Defendant's room, investigators seized a fully loaded AR-style assault rifle equipped with a full magazine and a round in the chamber.  Defendant later admitted possession of this firearm to

investigators.  Moreover, a small quantity of cocaine base was discovered in that same bedroom, along with a digital scale.

Co-defendant Demetrice Robb was arrested at 7453 Calvin Avenue.  This location was utilized in furtherance of the drug distribution conspiracy in a similar fashion to the address on Northpointe, as in the same number dialed by investigators or the CI would result in an individual either coming from, or returning to, 7453 Calvin Avenue in a similar manner as the address on Northpointe Boulevard.  Investigators seized firearms at this residence, along with distributable quantities of fentanyl and various distribution paraphernalia, such as packaging materials and scales.

The suspected fentanyl seized in this investigation was sent to the St. Louis Metropolitan Police Department criminalistics laboratory, where it tested positive for fentanyl, a Schedule II controlled substance.  Moreover, expert testimony in the event of trial would establish that the fentanyl seized on July 7, 2022, specifically from 7453 Calvin Avenue, was a quantity inconsistent with solely personal use, and was intended for distribution.

The parties agree that the Defendant and one or more persons reached an agreement or understanding to distribute and possess with the intent to distribute fentanyl.  The Defendant understood the purpose of the agreement or understanding when he entered into it. Moreover, the quantity of fentanyl attributable to Defendant, as a result of his own conduct and the conduct of other members of the conspiracy reasonably foreseeable to Defendant, is difficult to calculate with precision. However, based on the drug seizures, the location of those seizures, the controlled purchases, and the totality of the investigation, the parties agreed to hold Defendant accountable for 50 grams of fentanyl.

The Lab also analyzed the seized firearm. It determined that the firearm that defendant possessed was an E3 Arms make, Omega-15 model, 5.56mm caliber, Semi-automatic rifle, Serial # A16898. This firearm was manufactured in Lake Havasu, Arizona, and thus traveled across state lines prior to the Defendant's possession of it.

This firearm was test fired, functioned as designed, and can expel a projectile by the action of an explosive, and thus is a "firearm" as defined under federal law.

Prior to July 7, 2022, the Defendant was convicted of a crime punishable by imprisonment for more than one year under the laws of the State of Illinois.  At the time the Defendant knowingly possessed the firearm, the Defendant was aware of his prohibited status as a result of being convicted of a crime punishable by imprisonment for more than one year.

## 5. STATUTORY PENALTIES:

### Count One

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years, a fine of not more than $1,000,000, or both such imprisonment and fine.  The Court shall also impose a period of supervised release of not less than 3 years.

### Count Two

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 15 years, a fine of not more than $250,000, or both such imprisonment and fine.  The Court shall also impose a period of supervised release of not more than 3 years.

Possibility of Enhanced Criminal Status: In certain situations, under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of fifteen (15) years and a maximum sentence greater than described above. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to defendant's sentence.  However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

## 6.  U.S. SENTENCING GUIDELINES: 2021 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

### a.  Chapter 2 Offense Conduct:

Count One

(1)  **Base Offense Level:**  The parties agree that the base offense level is 24, as found in Section 2D1.1(c)(8). The parties agree that the quantity of fentanyl for which the defendant is accountable, including relevant conduct, is more than 40 grams and less than 160 grams, resulting in the agreed Base Offense Level.

(2)  **Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

The parties agree that 2 levels should be added pursuant to Section 2D1.1(b)(1), because the defendant possessed a dangerous weapon (a firearm).

Page **7** of **16**

Count Two

(1) **Base Offense Level:** The parties agree that the base offense level is found in Section 2K2.1 and depends on the nature of the firearm, the defendant's criminal history and other factors therein.

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

The parties agree that 4 levels should be added pursuant to Section 2K2.1(b)(6)(B), because the defendant possessed a firearm in connection with another felony offense, as reflected in Count One.

b. **Chapter 3 Adjustments:**

(1) **Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

(2) **Other Adjustments:** The parties agree that the following additional adjustments apply:   None.

c. **Other Adjustment(s) and Disputed Adjustments:**    None.

Page **8** of **16**

**d.  Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is as follows: for Count One, 23; for Count Two, the Total Offense Level can be found in Sentencing Guidelines § 2K2.1.  The Total Offense Level could be altered if defendant is a Career Offender or Armed Career Criminal.  Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1 or an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4.  If the Court finds defendant is a Career Offender or an Armed Career Criminal or both, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI.  Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that the defendant is or is not a Career Offender or an Armed Career Criminal.

**e.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.  The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.  OTHER:**

    **a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c.  Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished.

    **d.  Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total

of $200, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.  Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.  Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, costs of incarceration and costs of supervision.  The defendant agrees that any fine imposed by the Court will be due and payable immediately.

**g. Forfeiture:**  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice.  By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities.  The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence.  The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets

subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9.  ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The defendant fully understands that, as a result of the guilty plea, no trial will, in

fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

Page **14** of 16

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

_____12/14/2022_____
Date

_____
GEOFFREY S. OGDEN
Assistant United States Attorney

_____01/12/2023_____
/Date/

_____
WILLIE COBBS
Defendant

_1/12/23_
Date

Philip Eisenhauer 39045MO
PHIL EISENHAUER
Attorney for Defendant